# EXHIBIT A

23-000314-NI FILED IN MY OFFICE WAYNE COUNTY CLERK Cathy M. Garrett 1/6/2023 2:30 PM Jacqueline Ruff

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

ANTONIO JONES,

      Plaintiff,

vs.

BALABEK SHAKHPANDAROV,
STAR LINE LLC and
FARMERS INSURANCE EXCHANGE,

      Defendants.

Case No: 23      NI

Hon.

_____/

**Marc J. Mendelson P-52798**
**Lewis A. Melfi P-73854**
MIKE MORSE LAW FIRM
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075-1816
(248) 350-9050
lmelfi@855mikewins.com
ashley@855mikewins.com

_____/

## COMPLAINT

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge. MCR 1.109(D)(2)(a)(i).

*/s/ Lewis A. Melfi*

Marc J. Mendelson P-52798
Lewis A. Melfi P-73854

NOW COMES Plaintiff, Antonio Jones, by and through his attorneys, Mike Morse Law Firm, and for his Complaint against the above named Defendants, Balabek Shakhpandarov, Star Line LLC, and Farmers Insurance Exchange, states as follows:

## COMMON ALLEGATIONS

1. Plaintiff, Antonio Jones, is a resident of the City of Detroit, County of Wayne, State of Michigan.

2. Defendant, Balabek Shakhpandarov, upon information and belief, is a resident of the City of Tipp City, County of Miami, State of Ohio.

3. Defendant, Star Line LLC, is an Ohio limited liability company, doing business pursuant to the laws of the State of Michigan, and this Defendant conducts business in the County of Wayne, State of Michigan.

4. Defendant, Farmers Insurance Exchange, is an insurance company, licensed to write insurance and conduct business in the State of Michigan, and this Defendant conducts business in Wayne County, Michigan.

5. The amount in controversy exceeds $25,000.00, exclusive of interest and costs, and is otherwise within the jurisdiction of this Honorable Court.

## COUNT I
### NEGLIGENCE CLAIM AS TO DEFENDANT, BALABEK SHAKHPANDAROV

6. Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 5 of this Complaint as if more specifically set forth herein word for word, paragraph for paragraph.

7. On or about February 17, 2022, Plaintiff, Antonio Jones, was a passenger in a 2017 Prevost coach, bearing Texas license plate number K070102, which motor vehicle was being driven in a careful and prudent manner on northbound I-75 Freeway, at or near the

intersection of Fort Street, in the City of Detroit, County of Wayne, State of Michigan.

8. At the aforementioned place and time, Defendant, Balabek Shakhpandarov, was the operator of a 2021 Freightliner motor vehicle, bearing Ohio license plate number PVW5640, which motor vehicle said Defendant was driving in a careless, reckless and negligent manner on northbound I-75 Freeway, at or near the intersection of Fort Street, in the City of Detroit, County of Wayne, State of Michigan, when said Defendant did strike Plaintiff's vehicle, causing serious and permanent injuries to Plaintiff, Antonio Jones, as hereinafter alleged.

9. On the aforementioned day and date, Defendant, Balabek Shakhpandarov, owed a duty to operate his vehicle in a safe and careful manner in accordance with the Motor Vehicle Code of the State of Michigan and the Common Law and the Ordinances for the City of Detroit.

10. Contrary to the duties owed to Plaintiff, Defendant, Balabek Shakhpandarov, was negligent, careless and reckless in several respects, including the following:

   (a) Failing to operate the motor vehicle with due care and caution in violation of MCL 257.627;

   (b) Driving the vehicle carelessly and recklessly with willful and wanton disregard for the safety and rights of others, MCL 257.626;

   (c) Failing to keep the motor vehicle constantly under control;

   (d) Failing to drive the vehicle on the roadway with due diligence and circumspection and to not endanger or be likely to endanger other persons or property, MCL 257.626(b);

   (e) Failing to attempt to stop the vehicle when Defendant knew or should have known that failure to do so would naturally and probably result in injury to Plaintiff;

   (f) Failing to observe the roadway in front of Defendant's vehicle when Defendant knew, or should have known, that failure to observe Plaintiff's oncoming vehicle would endanger the life or

property of other persons using the roadway;

(g) Failing to yield to all approaching vehicles, MCL 257.649;

(h) Failing to exercise reasonable and ordinary care to keep sharp lookout so as to avoid striking Plaintiff's vehicle, in violation of MCL 257.401;

(i) Failing to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within a safe distance, MCL 257.627(l);

(j) Failing to make timely use of the braking system with which said vehicle is equipped;

(k) Failing to give audible warning of said motor vehicle when reasonably necessary to ensure its safe operation in violation of MCL 257.706;

(l) Negligently moving from his lane of travel without first ascertaining such movement could be done with safety in violation of MCL 257.642;

(m) Negligently failing to drive entirely within a single lane in violation of MCL 257.642(1);

(n) Operating said motor vehicle in excess of the posted limit in violation of MCL 257.628;

(o) Failing to drive at a careful and prudent speed that was reasonable and proper having due regard for the traffic conditions and surface of the roadway, MCL 257.627; and,

(p) Performing other acts of negligence not yet known to Plaintiff but will be ascertained during the discovery of said litigation.

11. That as a result of said collision, Plaintiff, Antonio Jones, did suffer, and will continue to experience for an indefinite time into the future, severe and excruciating pain and suffering, humiliation and embarrassment, loss of earnings, and loss of his natural enjoyments of life, due to his injuries which include but are not limited to: ***traumatic injuries to his head,***

4

*neck, back, left shoulder and knees*, among others, all of which constitute a serious impairment of body function and/or serious, permanent disfigurement. Plaintiff suffered a serious impairment of body function. Plaintiff's impairment is objectively manifested; is an impairment of an important body function; and it affects Plaintiff's general ability to lead his normal life.

12. In the event it should be determined that Plaintiff was suffering from any pre-existing conditions on the day and date of the incidents set forth in this Complaint, then, and in such event, it is averred that the negligence of Defendant exacerbated, precipitated and aggravated any such pre-existing conditions.

13. Plaintiff's damages include excess economic loss damages to the extent that such losses are recoverable in excess of the no-fault statutory monthly and yearly maximums, pursuant to MCL 500.3135(3)(c). Plaintiff also claims excess medical expenses above and beyond personal injury protection (PIP) medical benefits applicable to Plaintiff for the subject accident.

WHEREFORE, Plaintiff, Antonio Jones, respectfully requests that judgment be entered in his favor against Defendant, Balabek Shakhpandarov, for whatever amount in excess of $25,000.00 he is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for his injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

### COUNT II
### NEGLIGENCE, OWNER'S LIABILITY and VICARIOUS LIABILITY CLAIM AS TO DEFENDANT, STAR LINE LLC

14. Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 13 of this Complaint as if more specifically set forth herein

word for word and paragraph by paragraph.

15. On the aforementioned date and time, Defendant, Star Line LLC, was the owner of the 2021 Freightliner motor vehicle involved in the subject incident, and knowingly, willingly and negligently allowed same to be driven, operated, managed and/or controlled by Defendant, Balabek Shakhpandarov, when Defendant, Star Line LLC, knew or should have known that he would not be able to control said vehicle in a safe and careful manner in accordance with the Motor Vehicle Code of the State of Michigan and the Common Law and the Ordinances for the City of Detroit, in direct disregard for the safety of Plaintiff, Antonio Jones.

16. Defendant, Balabek Shakhpandarov, was acting with the expressed and/or implied consent of Defendant, Star Line LLC.

17. Defendant, Star Line LLC, is liable under the Owner's Liability Statute, MCL 257.401 et seq, for the negligence of Defendant, Balabek Shakhpandarov.

18. On February 17, 2022, upon information and belief, Defendant, Balabek Shakhpandarov, was acting within the course and scope of his employment with Defendant, Star Line LLC, when he negligently struck Plaintiff's vehicle while driving the 2021 Freightliner motor vehicle.

19. Based upon information and belief, Defendant, Star Line LLC, is vicariously liable under the doctrine of respondeat superior for the acts or omissions of Defendant, Balabek Shakhpandarov, in that it employed the negligent driver, Defendant, Balabek Shakhpandarov, and therefore, is responsible for all injuries arising from his negligence occurring within the course and scope of his employment.

20. Plaintiff's damages include excess economic loss damages to the extent that such losses are recoverable in excess of the no-fault statutory monthly and yearly maximums, pursuant to MCL 500.3135(3)(c). Plaintiff also claims excess medical expenses above and beyond personal injury protection (PIP) medical benefits applicable to Plaintiff for the subject accident.

WHEREFORE, Plaintiff, Antonio Jones, respectfully requests that judgment be entered in his favor against Defendants, Balabek Shakhpandarov and Star Line LLC, for whatever amount in excess of $25,000.00 he is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for his injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

### COUNT III
### NEGLIGENT HIRING, RETENTION and SUPERVISION AS TO DEFENDANT, STAR LINE LLC

21. Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 20 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

22. On February 17, 2022, Defendant, Balabek Shakhpandarov, was employed by Defendant, Star Line LLC.

23. Defendant, Star Line LLC, is responsible for those negligent acts performed within the scope of Defendant, Balabek Shakhpandarov's, employment.

24. Defendant, Star Line LLC, hired Defendant, Balabek Shakhpandarov.

25. Defendant, Star Line LLC, had a duty to investigate Defendant, Balabek Shakhpandarov, Defendant, Balabek Shakhpandarov's, driving record and Defendant, Balabek Shakhpandarov's, driving ability.

7

26. Defendant, Star Line LLC, failed to properly investigate Defendant, Balabek Shakhpandarov, Defendant, Balabek Shakhpandarov's, driving record and Defendant, Balabek Shakhpandarov's, driving ability and made insufficient efforts to investigate whether or not Defendant, Balabek Shakhpandarov, was a safe, fit and competent driver.

27. Defendant, Star Line LLC, knew, had reason to know or should have known, that Defendant, Balabek Shakhpandarov, had a record and/or was a dangerous, reckless and incompetent driver, and that he would be likely to use the vehicle provided in an unsafe manner involving unreasonable risk of physical harm.

28. Defendant, Star Line LLC, knew or had reason to know or should have known that by hiring Defendant, Balabek Shakhpandarov, his use of a motor vehicle could involve the risk of physical harm to others. The acts and omissions of Defendant, Star Line LLC, and/or Defendant, Balabek Shakhpandarov, caused Plaintiff's injuries.

29. Defendant, Star Line LLC, failed to supervise or otherwise monitor, train, educate or discipline Defendant, Balabek Shakhpandarov, with respect to unsafe operation of motor vehicles and failed to otherwise instill in him a sense of personal and professional responsibility and safety consciousness.

30. The negligence of Defendant, Star Line LLC, in hiring and/or retaining and/or supervising Defendant, Balabek Shakhpandarov, was a proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff, Antonio Jones, respectfully requests that judgment be entered in his favor against Defendant, Star Line LLC, and Defendant, Balabek Shakhpandarov, for whatever amount in excess of $25,000.00 he is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for his injuries and damages,

together with interest, costs and reasonable attorney fees so wrongfully sustained.

## COUNT IV
## CLAIM FOR FIRST PARTY BENEFITS AS TO DEFENDANT, FARMERS INSURANCE EXCHANGE

31. Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 30 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

32. Defendant, Farmers Insurance Exchange, issued a policy of No-Fault insurance or provided No-Fault benefits pursuant to MCL 500.3172 as a result of Plaintiff's motor vehicle collision of February 17, 2022, which policy continued in effect during all times relevant and pertinent to the issues for this Court. Plaintiff, Antonio Jones, is entitled to benefits under this coverage.

33. Under the terms and conditions of the automobile insurance policy, Defendant became obligated to pay to or on behalf of Plaintiff certain expenses or losses if Plaintiff sustained bodily injury in an accident arising out of the ownership, operation, maintenance, or use of a motor vehicle.

34. On or about February 17, 2022, Plaintiff was involved in a motor vehicle collision which occurred in the City of Detroit, State of Michigan, in which collision Plaintiff sustained accidental bodily injuries within the meaning of Defendant's policy and the statutory provision of MCL 500.3105.

35. As a result of the collision, Plaintiff has incurred:

    a. Reasonable and necessary expenses for care, recovery, or rehabilitation, pursuant to MCL 500.3107(1)(a); and,

    b. Other personal protection benefits in accordance with the applicable

no-fault provisions.

36. Reasonable proof for full payment of all personal protection insurance benefits has been or will be supplied, but Defendant has refused to pay or is expected to refuse to pay in the future.

37. Defendant has unreasonably refused to pay or has unreasonably delayed making proper payments to Plaintiff contrary to MCL 500.3142 and .3148 and continues to do so.

38. That in the event it should be determined that Plaintiff was suffering from any pre-existing conditions on the day and date of the incidents set forth in this Complaint, then, and in such event, it is averred that the aforementioned accident exacerbated, precipitated and aggravated any such pre-existing conditions, and Defendant is responsible for all no-fault benefits arising there from.

39. Defendant insurance company has wrongfully withheld payment of allowable expenses forcing Plaintiff, Antonio Jones, to incur other expenses connected with the subject matter of this action, all of which expenses have been needlessly placed upon Plaintiff by the wrongful actions of Defendant. As such, Plaintiff is entitled to obtain from Defendant interest, costs and a reasonable attorney fee pursuant to the provisions of the no-fault statute.

40. Defendant has had sufficient information to pay all claims and did not do so within the statutory 30-day time period, set forth under the Michigan No-Fault Act. Therefore, Plaintiff is entitled to attorney fees, costs and interest due to this breach. Plaintiff only seeks no-fault benefits that are past due and presently owed, and this Complaint does not seek future no-fault benefits.

WHEREFORE, Plaintiff, Antonio Jones, seeks judgment against Defendant, Farmers

Insurance Exchange, in an amount in excess of $25,000.00 that is fair, just and reasonable, and which sums include all past-due and presently-owed No-Fault benefits together with interest, costs and no-fault attorney fees. This Complaint does not seek future no-fault benefits past the date that this lawsuit resolves by settlement or trial.

Respectfully submitted,

MIKE MORSE LAW FIRM
Attorneys for Plaintiff

*/s/ Lewis A. Melfi*

Marc J. Mendelson P-52798
Lewis A. Melfi P-73854
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075
(248) 350-9050

Dated: January 6, 2023

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

ANTONIO JONES,

        Plaintiff,

vs.

BALABEK SHAKHPANDAROV,
STAR LINE LLC and
FARMERS INSURANCE EXCHANGE,

        Defendants.
_____/

Case No: 23      NI

Hon.

**Marc J. Mendelson P-52798**
**Lewis A. Melfi P-73854**
MIKE MORSE LAW FIRM
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075-1816
(248) 350-9050
lmelfi@855mikewins.com
ashley@855mikewins.com
_____/

## JURY DEMAND

Plaintiff, Antonio Jones, by and through his attorneys, Mike Morse Law Firm, hereby respectfully demands a trial by jury on all issues in this cause of action.

        Respectfully submitted,

        MIKE MORSE LAW FIRM
        Attorneys for Plaintiff

        */s/ Lewis A. Melfi*
        _____
        Marc J. Mendelson P-52798
        Lewis A. Melfi P-73854
        24901 Northwestern Highway, Suite 700
        Southfield, Michigan 48075
        (248) 350-9050

Dated: January 6, 2023

23-000314-NI FILED IN MY OFFICE  Cathy M. Garrett  WAYNE COUNTY CLERK  1/6/2023 2:30 PM  Jacqueline Ruff